No. 11-2233

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHERMAN AUSTIN,                )
                               )
    Petitioner-Appellant,      )
                               )
v.                             )    O R D E R
                               )
JERI-ANN SHERRY, Warden,       )
                               )
    Respondent-Appellee.       )
                               )

**FILED**
**Jul 27, 2012**
LEONARD GREEN, Clerk

    Sherman Austin, a *pro se* Michigan prisoner, appeals the denial of his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. The court construes Austin's notice of appeal as an application for a certificate of appealability under Federal Rule of Appellate Procedure 22(b)(2).

    A jury convicted Austin of first-degree murder, in violation of Michigan Compiled Laws § 750.316, and possession of a firearm during the commission of a felony, in violation of Michigan Compiled Laws § 750.227b. The convictions arose from the shooting death of Earl Bowen, who was the boyfriend of Austin's daughter. The trial court sentenced Austin to a life term of imprisonment without the possibility of parole for murder and two years of imprisonment for the firearm offense. The Michigan Court of Appeals affirmed the convictions.

    In March 2008, Austin filed a federal habeas corpus petition, raising the same claims that he raised on direct appeal: (1) the trial court erred in recognizing a Fifth Amendment privilege against self-incrimination for defense witness Donald DeShazo; (2) Austin was denied the right to present a defense when the trial court allowed DeShazo to invoke the Fifth Amendment privilege without taking the witness stand; (3) Bowen's dying declaration was improperly admitted; (4) & (6) trial counsel was constitutionally ineffective; and (5) the prosecutor committed various acts of misconduct. The district court denied the petition for lack of merit and denied Austin a certificate of appealability. Austin filed a timely notice of appeal.

To obtain a COA, a habeas corpus petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To do this, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Under the Antiterrorism and Effective Death Penalty Act, a district court may not grant habeas corpus relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Section 2254 "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

Austin's first and second claims were that the trial court violated his right to present a defense by recognizing a Fifth Amendment privilege against self-incrimination for defense witness Donald DeShazo and by allowing DeShazo to invoke the privilege in blanket fashion, rather than requiring him to take the witness stand and assert the privilege on a question-by-question basis. A similar claim was made by the petitioner in *Davis v. Straub*, 430 F.3d 281 (6th Cir. 2005). This court held:

> Because the Supreme Court has never held that permitting a witness to assert his or her Fifth Amendment privilege against self-incrimination without taking the witness stand violates a defendant's right to a fair trial, the trial court did not act contrary to

clearly established federal law when it allowed [the witness] to invoke the privilege before taking the witness stand.

*Id.* at 287. As in *Davis*, the court of appeals' rejection of Austin's claim was not contrary to, or an unreasonable application of, federal law.

Austin's third claim was that the admission of Bowen's dying declarations identifying Austin as the shooter violated his rights under the Confrontation Clause. Because the Supreme Court has not ruled on the status of dying declarations under the Confrontation Clause, the court of appeals' rejection of Austin's claim could not have been contrary to, or an unreasonable application of, federal law. *See Walker v. Harry*, No. 10-2063, 2012 WL 447479, at *2 (6th Cir. Feb. 13, 2012).

Austin's fifth claim was that the prosecutor committed various acts of misconduct. The relevant question in analyzing a prosecutorial misconduct claim is "whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Austin argued that the prosecutor committed misconduct by (a) improperly asking Austin to comment on the credibility of a prosecution witness, Sergeant Yott, who stated that Austin and the decedent had a fistfight; (b)(i) pointing out that Austin did not have records to support some of his testimony and (ii) arguing with Austin about the volume of discovery material and when it was produced; (c) overtly doubting Austin's statement that he was "just trying to help" the prosecutor during a particular verbal exchange; and (d) calling Austin a liar during closing argument and labeling defense counsel "cowardly." Although the evidence against Austin was not overwhelming, the conviction did not result in a denial of due process because the trial court gave curative instructions where necessary; the remark made in response to Austin's statement that he was "trying to help" was off-hand; and the comments about Austin's veracity and defense counsel's cowardice were drawn from the evidence. The court of appeals' resolution of the prosecutorial misconduct claim was not contrary to, or an unreasonable application of, federal law.

Austin's fourth and sixth claims were that trial counsel was ineffective for failing to object to the admissibility of the dying declarations and the prosecutor's misconduct. The deferential

No. 11-2233
- 4 -

standards established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and 28 U.S.C. § 2254(d) make habeas review of ineffective-assistance claims "doubly" deferential. *Harrington*, 131 S. Ct. at 788. When a case is governed by § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

As discussed above, the state court's admission of the dying declarations was not contrary to clearly established Supreme Court precedent. Moreover, the prosecutor's comments did not deprive Austin of a fair trial. Therefore, there is a reasonable argument that trial counsel satisfied *Strickland*. The court of appeals' rejection of the ineffective-assistance claims was not, therefore, contrary to, or an unreasonable application of, *Strickland*.

In sum, reasonable jurists would not dispute the district court's resolution of Austin's claims. Therefore, the application for a certificate of appealability is denied.

ENTERED BY ORDER OF THE COURT

Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Leonard Green | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 27, 2012

Mr. John S. Pallas
Office of the Michigan Attorney General
Appellate Division
P.O. Box 30217
Lansing, MI 48909

Mr. Michael B. Skinner
Law Offices of Michael B. Skinner
27 E. Flint Street
Lake Orion, MI 48362

> Re: Case No. 11-2233, *Sherman Austin v. Jeri-Ann Sherry*
> Originating Case No. : 2:08-CV-11364

Dear Counsel,

   The Court issued the enclosed (Order/Opinion) today in this case.

                                               Sincerely yours,

                                               s/Sue Burlage
                                               Case Manager
                                               Direct Dial No. 513-564-7012

cc: Mr. David J. Weaver

Enclosure

No mandate to issue